IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ERIC JOSHUA MAPES,<br>*Plaintiff*<br><br>v.<br><br>STATE OF TEXAS, TEXAS COURT<br>OF CRIMINAL APPEALS, ECTOR<br>COUNTY DISTRICT COURT,<br>ECTOR COUNTY DISTRICT<br>ATTORNEY, JUDGE SHARON<br>KELLER, *et al.*,<br>*Defendants* | §<br>§<br>§<br>§<br>§   Case No. 1:25-cv-01335-ADA-SH<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Complaint (Dkt. 1), Motion to Proceed *In Forma Pauperis* (Dkt. 2), Motion for Waiver of Service Costs (Dkt. 3), Application for Permission to File Electronically (Dkt. 4), Motion for Immediate Vacatur and Injunctive Relief (Dkt. 7), Emergency Motion to Vacate Conviction (Dkt. 11), Motion to Take Judicial Notice of Verified Exhibit (Dkt. 16), Motion to Introduce Official Docket (Dkt. 22), Motion to File Confidential ADA Medical Exhibits Under Seal (Dkt. 23), Motion for Injunction and Sanctions (Dkt. 26), Supplemental Motion to Introduce Document 25 as Federal Exhibit (Dkt. 27), and Emergency Motion to Compel IFP Ruling (Dkt. 28).[1]

---

[1] The District Court referred all pending and future nondispositive motions in this case to this Magistrate Judge for resolution and dispositive motions for report and recommendation, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 6.

## I. Background

Plaintiff Eric Joshua Mapes pled guilty in Ector County, Texas on November 8, 1999 to sexual assault, a second-degree felony under the Texas Penal Code, and was sentenced to two years imprisonment in the Texas Department of Corrections. *State of Tex. v. Mapes*, No. C-27, 442 (244th Dist. Ct., Ector County, Tex. Nov. 8, 1999) ("1999 State Conviction").[2] Mapes did not file a timely notice of appeal. *Id.* More than fifteen years later, he sought leave to file an untimely writ of habeas corpus, alleging that he was actually innocent of the offense. Case No. WR-83,771-02. The Texas Court of Criminal Appeals denied leave to file on October 14, 2015. *See* https://search.txcourts.gov/Case.aspx?cn=WR-83,771-02&coa=coscca. Mapes also has filed many other unsuccessful motions, writs of mandamus, and writs of habeas corpus with the sentencing court, the Texas Court of Appeals, the Texas Supreme Court, and the Texas Court of Criminal Appeals. *Id.* Most recently, he filed a writ of mandamus with the Texas Supreme Court again attempting to challenge his 1999 State Conviction. *In re Mapes*, No. 25-0692 (Tex. Aug. 11, 2025).

In addition, Mapes filed a previous unsuccessful federal civil rights suit challenging his 1999 State Conviction in the Midland/Odessa Division of the Western District of Texas. *Mapes v. State of Tex.*, No. 7:18-cv-00170-DC (W.D. Tex. Sept. 17, 2018). In that case, Mapes argued that the Texas Court of Criminal Appeals erred in dismissing his writ of habeas corpus because he was actually innocent of the sexual assault, his confession was coerced, his plea was involuntary, and the state violated his constitutional rights and rights under the Americans with Disabilities Act ("ADA"). On October 1, 2018, the District Court dismissed Mapes' suit with prejudice because his ADA claims were untimely, he was attempting to file an untimely writ of habeas corpus, and

---

[2] Mapes also has been convicted of many other felonies and misdemeanors in Ector County. *See* https://portal-txector.tylertech.cloud/PortalProd/Home/WorkspaceMode?p=0. The Court takes judicial notice of Mapes' criminal proceedings under Federal Rule of Evidence 201. *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019) (taking judicial notice of court proceedings as matter of public record).

his suit was an improper attack on a state court conviction barred under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.* at Dkt. 4. Mapes filed an appeal, which the Fifth Circuit dismissed for want of prosecution on April 11, 2019. *Id.* at Dkt. 8.

Mapes also has filed dozens of unsuccessful lawsuits in Indiana, where he now lives. *See Mapes v. Marion Cnty. Jail*, No. 1:20-cv-02273-JPH-TAB, 2021 WL 1379791, at *1 n.1 (S.D. Ind. April 9, 2021) (collecting cases). On July 17, 2025, the Indiana Court of Appeals declared Mapes "a prolific, abusive litigant whose numerous filings have been a drain on judicial resources" and imposed filing restrictions on him. *Mapes v. Carroll Cnty.*, No. 25A-CC-660, 2025 WL 2026745, at *2 (Ind. Ct. App. July 17, 2025).

Despite his previous unsuccessful attempts challenging his 1999 State Conviction, Mapes filed this suit on August 21, 2025 against the State of Texas, the Texas Court of Criminal Appeals, the Ector County District Court, the Ector County District Attorney, the Ector County Clerk, and several state judges and attorneys involved in his case. Dkt. 1. He argues once again that his 1999 State Conviction should be overturned because he is actually innocent of the offense, his guilty plea was involuntary, and the state court proceedings violated his constitutional rights and rights under the ADA. Dkt. 1. Mapes asks the Court to vacate his sentence, declare all state court orders void, and "enjoin further obstruction by state officials." *Id.* at 8. He also moves for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and to file electronically, file various other records, and expedite his case.

## II.  Application to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that he cannot pay such fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay . . . statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140

(5th Cir. 1988). In making an *in forma pauperis* determination, a court should consider whether an applicant may pay the filing fee without suffering undue financial hardship. *Id.* "There is no requirement that an individual be absolutely destitute or spend the last dollar they have towards the payment of court costs to enjoy the benefit of *in forma pauperis* status." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024) (cleaned up).

After reviewing Mapes' application, the Court finds that he cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court **GRANTS** Mapes *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs. This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found to be frivolous or malicious under § 1915(e)(2). The Court also may impose costs of court against Mapes at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

### III. Frivolousness Review Under Section 1915(e)(2)

Because Mapes has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his complaint under 28 U.S.C. § 1915(e)(2). A district court shall dismiss a complaint filed *in forma pauperis* if it determines that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). While *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a plaintiff's *pro se* status offers "no impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

*In forma pauperis* complaints may be dismissed as frivolous or malicious "if they seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff." *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993). This is because "pauper status does not entitle a plaintiff to avoid the ordinary rules of *res judicata*." *Id.* "[T]he plaintiff obtains one bite at the litigation apple—but not more." *Id.* at 995.

The Court finds that Mapes' suit is duplicative of his suit filed in 2018 in the Midland/Odessa Division of the Western District of Texas. *Mapes*, No. 7:18-cv-00170-DC. As stated, that suit was dismissed with prejudice and the appeal dismissed. *Id.* at Dkt. 4. Mapes now attempts to "relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff." *Pittman*, 980 F.2d at 994. Because these claims are duplicative of those alleged in previous federal suit, this Magistrate Judge recommends dismissing Plaintiff's Complaint as frivolous and malicious. *Pittman*, 980 F.2d at 994; *see also Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (affirming dismissal of case as duplicative when plaintiff sued different defendants); *Walters v. LaSalle Corrs. V, LLC*, No. EP-22-CV-00272-KC, 2023 WL 2771285 (W.D. Tex. Apr. 4, 2023) (dismissing as malicious complaint that duplicated claims raised by plaintiff in previous action naming different defendants).

## IV. Pre-Filing Injunction

The Court may impose a pre-filing injunction "to deter vexatious, abusive, and harassing litigation." *Nix v. MLB*, 62 F.4th 920, 936 (5th Cir.), *cert. denied*, 144 S. Ct. 165 (2023). In determining whether to impose such an injunction, the Court must

> weigh all of the relevant circumstances, including the following four factors: (1) the party's history of litigation, in particular whether she has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass;

>  (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Baum v. Blue Moon Ventures*, 513 F.3d 181, 189 (5th Cir. 2008). A pre-filing injunction must be "tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Id.* at 190.

The Court finds that all four factors favor a pre-filing injunction. First, Mapes is a serial litigator who has been declared an "abusive litigant whose numerous filings have been a drain on judicial resources." *Mapes*, 2025 WL 2026745, at *2. For the second factor, the Court finds that Mapes had no good-faith basis to pursue this duplicative lawsuit. *Connor v. Stewart*, No. 1:17-CV-827-RP, 2018 WL 4169150, at *3 (W.D. Tex. Aug. 30, 2018), *aff'd*, 770 F. App'x 244 (5th Cir. 2019). Third, the screening requirements for Mapes' malicious and duplicative cases have burdened courts in Texas and Indiana. *See Castaneda v. Frausto-Recio*, No. SA-24-CV-0718-JKP, 2024 WL 4381259, at *8 (W.D. Tex. Oct. 3, 2024) (stating that plaintiff's numerous duplicative *in forma pauperis* filings were a significant burden on the courts). Finally, a pre-filing injunction is the sanction most suited to the needs and circumstances of this case. Imposition of court costs or monetary sanctions are not adequate alternatives considering Mapes' lack of financial resources. *Id.* at *8-9.

For these reasons, this Magistrate Judge recommends that the District Court issue a pre-filing injunction enjoining Mapes from filing any future actions *pro se* and *in forma pauperis* in the Western District of Texas attacking his 1999 State Conviction without receiving written leave from a judge of this Court or the Fifth Circuit.

## V.  Order

The Court **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2) and **ORDERS** his Complaint to be filed without prepayment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1) and Application for Permission to File Electronically (Dkt. 4).

The Court **DENIES** Plaintiff's Motion for Waiver of Service Costs (Dkt. 3), Motion to Take Judicial Notice of Verified Exhibit (Dkt. 16), Motion to Introduce Official Docket (Dkt. 22), Motion to File Confidential ADA Medical Exhibits Under Seal (Dkt. 23), and Supplemental Motion to Introduce Document 25 as Federal Exhibit (Dkt. 27).

The Court **DISMISSES** as moot Plaintiff's Emergency Motion to Compel IFP Ruling (Dkt. 28).

## VI.  Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS with prejudice** Eric Joshua Mapes' duplicative Complaint as frivolous and malicious under § 1915(a)(1) and **DENY** Eric Joshua Mapes' Motion for Immediate Vacatur and Injunctive Relief (Dkt. 7), Emergency Motion to Vacate Conviction (Dkt. 11), and Motion for Injunction and Sanctions (Dkt. 26).

This Magistrate Judge **FURTHER RECOMMENDS** that the District Court impose a pre-filing injunction declaring that Eric Joshua Mapes may not file any future actions *pro se* and *in forma pauperis* in the Western District of Texas attacking his 1999 State Conviction without receiving written leave from a District Judge of this Court or a Judge of the Fifth Circuit.

The Court **FURTHER ORDERS** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Alan Albright.

## VII.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 23, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE